Ross, J.
This action was commenced by the appellee against the appellant, before a justice of the peace, to recover possession of real estate and damages for the detention thereof. A trial was had before the justice, and a finding and judgment for the appellee. On appeal taken by appellant to the circuit court, appellee was again successful.
Two errors have been assigned on this appeal, namely:
“1st. The appellee’s complaint does not state facts sufficient to constitute a cause of action.
“2d. The court below erred in overruling appellant’s . motion for a new trial.”
Counsel attack the sufficiency of. the complaint and argue at great length and with apparent sincerity to con *312 vince the court of its infirmities, but we think their objection untenable.
While it is true that in actions of this character, where a landlord seeks to recover possession from the tenant, it is necessary to the sufficiency of the complaint to allege that the tenancy has ceased, the complaint in this case is not subject to that objection, for it shows clearly that the lease under which appellant acquired possession expired May 27, 1893, and that from that time until the institution of these proceedings, June 10, 1893, the appellant retained possession unlawfully.
Even were the objections urged available, had the sufficiency of the complaint been tested by demurrer, they would not avail on an assignment in this court attacking the complaint for the first time. At most, the objection is not because of the entire omission of a fact necessary to a statement of the cause of action, but rather because it is indefinitely or imperfectly stated. Taking into consideration the liberality extended to pleadings in justices’ courts, the complaint is sufficient.
The evidence as to the time and manner of appellant’s taking possession is conflicting, but we are forced to the conclusion that the only right which he had to possession he acquired through Asa Knox, who held under the lease executed by the appellee. That lease was subject to renewal either by Knox or those claiming under him. Appellant made no other or different contract with appellee than that contained in the lease, and he continued to occupy the premises and comply with the terms of the lease.
It is urged that at the expiration of the year designated in the lease, no new lease having been entered into, the tenancy became one from year to year, and could be terminated only by giving the notice required by section 7090, R. S.1894.
*313 Filed Sept. 26, 1894;
petition for a rehearing overruled Dec. 12, 1894.
If we accept counsel's contention, the tenancy began May 27, 1891, and could be terminated by a notice given three months before the expiration of the year. The evidence shows a substantial compliance with this statute.
We can not, however, agree with counsel that the tenancy was one from year to year and not under the terms of the lease, but reiterate what we have already said, that' his possession was under the lease and not otherwise.
A tenancy which expires at a stated time requires no notice to terminate it.
There is sufficient evidence to sustain the verdict.
Judgment affirmed.